[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13145
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 7, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:09-cv-00337-CEH-TBM

BRIAN BEVAN,

Plaintiff-Appellant,

versus

JOHN E. STEELE,
Individually and as U.S. District Judge,
SHERI POLSTER CHAPPELL,
Individually and as U.S. District Magistrate Judge,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 7, 2011)

Before HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Brian Bevan appeals *pro se* the district court's dismissal of his civil rights action against U.S. District Court Judge John E. Steele and U.S. Magistrate Judge Sheri Polster Chappell (collectively "judges"), in their individual capacities, brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1]  Bevan's complaint generally alleged, *inter alia*, judicial corruption, concealment of a felony, nonfeasance, malfeasance, denial of due process and abuse of power relating to the events of two separate civil proceedings in the Middle District of Florida.  Bevan contends the district court erred in adopting the magistrate's report and recommendation to dismiss his complaint because the actions of the judges were non-judicial and thus, not subject to immunity.  After review, we affirm the district court.[2]

Generally, judges are absolutely immune from damages for acts taken during the performance of their judicial duties.  *See Mireles v. Waco,* 502 U.S. 9, 9-10 (1991) (per curiam).  Judicial immunity is defeated in only two sets of circumstances: (1) where the judge's actions are non-judicial or (2) where the judge's actions are taken in complete absence of all jurisdiction.  *Id.* at 11-12.

---

[1]Although Bevan purported to bring suit under 42 U.S.C. § 1983, the district court appropriately construed his complaint under *Bivens* because the claims involve federal officials.

[2]We review de novo the district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, applying the same standard as the district court.  *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010).

"Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).

Bevan's allegations against the judges do not support the assertion that the purported wrongful conduct of the judges was non-judicial. Instead, the allegations indicate all of the judges' actions were taken as part of the normal conduct of the court, in relation to a case pending before the court, and arose immediately out of requests or complaints made to the judges in their judicial capacity. Accordingly, Bevan's claims against the judges are barred by absolute judicial immunity and we affirm the district court's dismissal of his complaint.[3]

**AFFIRMED.**

---

[3]Bevan failed to make any legal arguments regarding the dismissal of his claims against the judges in their official capacity, so he is deemed to have abandoned that issue. *See United States v. Jernigan*, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003). Regardless, the Supreme Court has held that *Bivens* claims do not extend to federal officers in their official capacity and are barred by sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 483-86 (1994).